IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PROFESSIONAL LAW ENFORCEMENT      Civil Action No:
ASSOCIATION, INC., a Michigan Non-Profit     HON:
Corporation,

        Plaintiff,

vs.

TEXAS FRATERNAL ORDER OF POLICE
FOUNDATION, a Texas Non-Profit
Corporation,

        Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT:

        Plaintiff, PROFESSIONAL LAW ENFORCEMENT ASSOCIATION, INC., a Michigan Non-Profit Corporation, files this original complaint against defendant, TEXAS FRATERNAL ORDER OF POLICE FOUNDATION, a Texas Non-Profit Corporation, and would show the Court as follows:

### I. INTRODUCTION

        1.     This is a copyright infringement action brought by plaintiff against defendant for infringement of plaintiff's copyrighted work, "Professional Law Enforcement Association Legal Defense Fund Handbook and Summary Plan Description" under the copyright laws of the United States, Title XVII of the United States Code.

## II.  PARTIES

2. Plaintiff Professional Law Enforcement Association, Inc. ("PLEA") is a non-profit corporation duly incorporated under the laws of the State of Michigan having a principal place of business at 630 N. Main Street, Clawson, Michigan 48017.

3. Upon information and belief, defendant Texas Fraternal Order of Police Foundation, is a Texas Non-Profit Corporation, having its principal place of business at 4001 E. 29th Street, Ste. 107, Bryan, Texas 77802-4211 and may be served through its attorney at law, Jason Nassour, KEEL & NASSOUR, L.L.P., 508 W. 14th Street, Austin, Texas 78701.

## III.  JURISDICTION AND VENUE

4. This case arises under the Copyright Act of 1976 and subsequent amendments thereto, 17 USC § 101, et seq.  Plaintiff's cause of action arises under 17 USC § 501 for copyright infringement of plaintiff's registered work.  Based on 28 USC §§ 1331 (Federal question) and 1338(a) (original jurisdiction for district courts for copyright claims), this Court has original and exclusive subject matter and personal jurisdiction over plaintiff's claims.

5. Venue is proper in this Court under 28 USC § § 1391(b) (judicial district where the defendant resides or where the events or omissions giving rise to the claim occurred) and 1400(a) (copyright suits may be instituted in the district in which the defendant or its agent resides or may be found).

## IV.  COUNT I
## COPYRIGHT INFRINGEMENT

6. Plaintiff is the owner of all rights, title and interests in and to the copyright of the

work entitled, "Professional Law Enforcement Association Legal Defense Fund Handbook and Summary Plan Description" ("The Work"), a 12-page book.

7. The Work was created by plaintiff in 2008 and consisting of a 12-page book establishing a plan of legal services for each participant in the Plan. (Attached as **Exhibit 1** is a true and correct copy of the work as submitted to the United States Copy Office for registration.)

8. The United States Copyright Office issued a registration for The Work, effective January 20, 2010, Registration No. TX 7-063-389, a true and correct copy of the registration certificate is attached as **Exhibit 2**.

9. Plaintiff is the legal owner to all of the exclusive rights in the work under 17 USC § 106(1) - (3).

10. Upon information and belief, defendant is and has been since at least October 2009, using a legal services plan which is substantially similar to The Work copyrighted by plaintiff which is in violation of plaintiff's exclusive right to "distribute copies of the copyrighted work to the public by sale or other transferrable ownership or by licensing or to reproduce the copyrighted work and copies."

11. Per representations of defendant's agents, defendant acknowledged that it copied plaintiff's plan for its own use without any authority from plaintiff. See 17 USC § 412.

12. Defendant has been advised on at least two occasions to cease and desist its use of its plan as constituted in book form as it constitutes copyright infringement of The Work.

13. Defendant has refused to cease use of its plan, thus continuing to violate plaintiff's copyright, constituting willful infringement.

14. Since October 2008, The Work has been published by plaintiff and all copies of it

made by plaintiff or under its authority or license have been printed, bound, and published in conformity with the Copyright Act of 1976 and other laws governing copyright.

15. At all pertinent times, plaintiff has been and still is the sole proprietor of all rights, title and interest in and to the copyright in The Work.

16. All of defendant's acts in compiling the plan that was substantially similar to the copyrighted and published The Work of plaintiff were performed without the permission, license or consent of plaintiff and directly contrary to plaintiff's demand to cease and desist all use of defendant's Work as formatted.

17. By reason of defendant's acts of copyright infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damage in the form of loss of licensing profits and dilution of the value of its rights.

18. Defendant's acts constitute willful infringement thereby entitling plaintiff to statutory damages or $150,000.00 plus attorneys fees and costs.

19. Unless restrained and enjoined, defendant's acts of infringement as alleged above will cause plaintiff irreparable injury.

20. All conditions necessary for plaintiff to bring this action have occurred.

## V. JURY DEMAND

21. Plaintiff hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Federal Rule of Civil Procedure 38.

**RELIEF REQUESTED**

Plaintiff respectfully requests a judgment from this Court including the following:

- A. A finding that defendant infringed plaintiff's copyright in The Work under 17 USC §§ 106 and 501;

- B. A finding that defendant's infringement was willful;

- C. An order preliminarily and permanently enjoining defendant, and all those in active concert or participation with defendant from infringing plaintiff's copyright in The Work in accordance with 17 USC § 502(a);

- D. An order preliminarily and permanently enjoining defendant and any of those in active concert or participation with defendant from using any copies of The Work or any derivatives of The Work in accordance with 17 USC § 502(a);

- E. An order preliminarily and impounding all unlawful copies of The Work and derivative works and, upon final trial, ordering the destruction of all unlawful copies of The Work and derivative works, together with all plates, masters, or other articles by means of which unlawful copies may be produced in accordance with 17 USC § 503;

- F. An Order awarding plaintiff actual damage in accordance with 17 USC § 504(a)(1);

- G. An Order awarding plaintiff its costs and attorney fees in accordance with 17 USC § 505; and

    H.    An order awarding plaintiff all such other and further relief as is available that this Court deems necessary and just.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.

DATED: August 16, 2010

/s/Timothy J. Jordan
TIMOTHY J. JORDAN P48098 (SDT 1096800)
ROBERT D. GOLDSTEIN P38298
Attorney for Plaintiff
1000 Woodbridge Street
Detroit, Michigan 48207
313-446-5531

Document: 222248.1